UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1617 JGB (SHKx)** | Date | October 10, 2019 |
|---|---|---|---|
| Title | ***Kayla Jones v. KLLM Transport Services, LLC, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiff Kayla Jones's Motion to Remand (Dkt. No. 14); (2) AWARDING Plaintiff $1,800 in Attorneys' Fees; and (3) VACATING the October 21, 2019 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Kayla Jones's Motion to Remand. ("Motion," Dkt. No. 14.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to the Motion, the Court GRANTS the Motion and AWARDS Plaintiff $1,800 in attorneys' fees. The hearing scheduled for October 21, 2019 is VACATED.

## I.   BACKGROUND

On April 30, 2019, Plaintiff Kayla Jones ("Plaintiff") filed her complaint against Defendants KLLM Transport Services, LLC ("KLLM"), Gregory Bell ("Bell") (collectively, "Defendants"), and Does 1–50 and in the Superior Court for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) The Complaint alleges personal injury claims arising out of a vehicle collision. (Id.) Plaintiff served KLLM on July 19, 2019. (Dkt. No. 14 at 13.) Plaintiff has not yet served Gregory Bell. (Id. at 10.)

Defendants removed the action to this Court on August 23, 2019. ("Notice of Removal," Dkt. No. 1.) Defendants assert diversity jurisdiction. (Id.) Plaintiff filed the Motion on September 17, 2019. (Motion.) In support of the Motion, Plaintiff filed the Declaration of Anna You with Exhibits A–C. ("You Declaration," Dkt. No. 14 at 9–26.) Defendants opposed the Motion on September 26, 2019. ("Opposition," Dkt. No. 16.) In support of the Opposition, Defendants filed the Declaration of Matthew J. Kracht with Exhibits A–C. ("Kracht

Declaration," Dkt. No. 16-1.) Plaintiff filed her reply on October 4, 2019 with a second Declaration of Anna You. ("Reply," Dkt. No. 17; "You Reply Declaration," Dkt. No. 17-1.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a Defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Plaintiff seeks remand, arguing the Notice of Removal is deficient. First, she argues the Notice of Removal is untimely because it was filed more than thirty days after Plaintiff served KLLM. (Motion at 3–4.) Second, she argues that the Notice of Removal fails to allege diversity of citizenship because it makes "no allegation regarding Plaintiff's citizenship" and alleges "only that Bell is 'a resident of Texas.'" (Motion at 5; Notice of Removal at 2.) And third, she argues that the Notice of Removal fails to establish the requisite $75,000 in controversy, stating only that the amount "exceeds $25,000." (Motion at 4; Notice of Removal at 2.)

The Court agrees—the Notice of Removal is wholly deficient. It is Defendants' burden to file a notice with "a plausible allegation" that diversity of citizenship exists and "that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). And a notice that neither alleges the plaintiff's citizenship nor makes even a conclusory statement that there is more than $75,000 in

controversy fails to make a plausible allegation that the Court has original jurisdiction. Although Defendants attempt to establish in the Opposition that the amount in controversy is over $75,000, they make no allegations regarding Plaintiff's citizenship. (See Opposition at 3–5.) It is Defendant's burden to establish diversity of citizenship, and without information regarding Plaintiff's citizenship, it is impossible for Court to conclude that diversity of citizenship exists.[1] That alone is reason to remand.

Moreover, removal of this action is improper pursuant to the Forum Defendant Rule, which limits removal based on diversity where one of the defendants "properly joint and served" is a citizen of the state in which the action was originally filed. See 28 U.S.C. § 1441(b)(2). Because "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court" there is no need for it "in cases where the defendant is a citizen of the state in which the case is brought." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006).

Plaintiff alleges that Bell is a citizen of California, the state where the action was originally filed. (Motion at 5–6.) Defendants do not dispute Bell's citizenship but argue that the Forum Defendant Rule should not apply because "Plaintiff had not yet served Mr. Bell when [Bell] removed this case to federal court." (Opposition at 4.) Defendants rely on Zirkin v. Shandy Media, Inc., in which Judge Otis Wright of the Central District held that the plain language of § 1441(b)(2), namely "properly joined and served," precludes application of the Forum Defendant Rule where a defendant removes the case before he is served. See 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019). But other lower courts—including other courts in the Central District— have held that "such a reading" of the statute "would 'eviscerate the purpose of the Forum Defendant Rule.'" Massachusetts Mut. Life Ins. Co. v. Mozilo, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012) (quoting Sullivan v. Novartis Pharmastein AG, 575 F. Supp. 2d 640, 645 (D.N.J. 2008)); see also Khashan v. Ghasemi, 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010) (The "'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective."); Standing v. Watson Pharm., 2009 WL 842211, *5 (C.D. Cal. Mar. 26, 2009) (Joined and served requirement "is not implicated where the non-forum defendant (or forum defendant) seeks to remove the action prior to the service of any defendant.").

The Court joins those courts who have held that "joined and served" is not a loophole for an in-state defendant to remove a case before he has been properly served. A defendant who has yet to be served has a choice whether to participate in the case. And if he chooses to participate by disturbing the plaintiff's choice of forum and removing to federal court, his citizenship should be considered just as that of a defendant who has been served. Any other reading of the statute

---

[1] In the Reply, Plaintiff argues for the first time that she is a citizen of California. (Reply at 3.) She also argues that because the KLLM is an LLC, it must allege the citizenship of every owner or member—which it has failed to do. (Id.) But "the district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

would encourage gamesmanship and undercut § 1441(b)'s purpose of limiting diversity removal when the defendant is already at home. See Albertson's, Inc. v. Comm'r, 42 F.3d 537, 545 (9th Cir. 1994) (holding that a court "may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statute."). Accordingly, the Court concludes that as a California citizen, Bell is not entitled to remove a case originally filed in California state court.

## IV. ATTORNEYS' FEES

Plaintiff seeks reasonable expenses incurred as a result of Defendants' improper removal, including $2,550 in attorneys' fees. (Motion at 6.) Defendants do not object. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiff's Counsel asserts that "Plaintiff has incurred $2,550.00 in attorney [sic] fees," which "includes 8.5 hours at $300/hour to draft the Motion to Remand and appear for the hearing." (You Declaration ¶ 7.) Because the Court vacates the hearing, Plaintiff cannot recover fees associated with it. The Court determines that six hours at $300/hour is a reasonable for time spent drafting the Motion, the You Declaration, the Reply, and the You Reply Declaration. Accordingly, the Court AWARDS $1,800 in attorneys' fees to Plaintiff.

## V. CONCLUSION

For the reasons set forth above, the Court:

1. GRANTS the Motion to Remand;

2. AWARDS $1,800 in attorneys' fees to Plaintiff; and

3. VACATES the October 21, 2019 hearing.

**IT IS SO ORDERED.**